**BARTON THEATRE COMPANY, an Oklahoma corporation, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 80–1926.

United States Court of Appeals, Tenth Circuit.

March 1, 1983.

Tom G. Parrott of Kornfeld McMillin Phillips & Upp, Oklahoma City, Okl., for petitioner-appellant.

Steven I. Frahm, Washington, D.C. (M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup and Richard W. Perkins, Attys., Tax Div., Dept. of Justice, Washington, D.C., with him on the brief), for respondent-appellee.

Before HOLLOWAY, DOYLE and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Barton Theatre Company appeals a Tax Court determination that stock it owned in The Atlas Organization, Inc. was redeemed during the 1966 rather than the 1967 calendar year. Whether that decision was correct is the only issue in this appeal.

Barton owned 37.5 of 50 outstanding shares of stock in Atlas. Sometime during 1966 Barton representatives and the other Atlas shareholder reached an agreement by which Barton would surrender to Atlas its 37.5 shares, assign to Atlas an undivided one-half interest in a real estate lease, and assume a $116,666 mortgage note owed by Atlas. In return Atlas was to convey to Barton 100 shares of Plaza Realty Corporation common stock and 5450 shares of United Founders Corporation common stock. Formal agreements were signed covering the stock redemption, the partial assignment of the lease, and the assumption of the indebtedness. All carried dates of January 1, 1966 or references that they were executed and involved assumptions "as of" January 1, 1966. The lease assignment was notarized under a January 1, 1966 date. Accounting entries were made as of the end of 1966, apparently on the books of both corporations, reflecting the full consummation of the agreement, and audited balance sheets for both corporations reflected that the redemption had been completed in 1966.

In 1970 the assistant secretary of Barton certified that Barton's board of directors adopted the stock redemption agreement at a meeting held January 1, 1966. A 1969 proxy statement and letter dated July 1, 1970 on United Founders Life Insurance Company stationery declared that "[o]n January 1, 1966, the Barton Theatre Company acquired 100 shares of the Plaza Realty Corp. from the Atlas Organization."

In its Tax Court petition filed in 1975 Barton treated the redemption as completed in 1966, and it attached to the petition copies of the stock redemption agreement and the partial assignment of the real estate lease. Barton did not report the transaction in its 1966 tax return, apparently taking the position that the transaction involved no capital gain. Initially the parties only disagreed as to whether the redemption resulted in a gain. But in January 1978, after a change of counsel and shortly before the case was to be tried, Barton amended its pleading to assert that the redemption agreement was not executed nor the assets transferred until 1967. By this time the statute of limitations had run, preventing the IRS from assessing a tax deficiency for Barton's 1967 tax year.

At trial Barton proved that the written agreements were not signed until 1967. Barton also sought to show that the transfers of assets did not take place until 1967, and it produced evidence that the 5450 shares of United Founders stock were not transferred on the books of that corporation until March 1, 1967. Barton also relied upon the Oklahoma statute of frauds provisions requiring real estate lease assignments to be in writing.

The Tax Court did not decide whether Barton's prior behavior estopped it from asserting that the transaction occurred in 1967. Rather, it found that the parties orally agreed to the redemption during 1966 and that "the only credible evidence in the record clearly indicates that the redeemed Atlas Stock was actually transferred to Atlas in 1966." The court also relied upon the parties' intent as reflected by the dates in the agreement and the book entries in the

corporations' accounting records. The Tax Court declared that no formal written contract was necessary for the redemption agreement to be valid, and that the written agreement only memorialized an already consummated oral agreement. 40 T.C.M. (CCH) 198 (1980).

On appeal the government argues that the redemption occurred in 1966. Alternatively, relying on *Hamlin's Trust v. Commissioner*, 209 F.2d 761 (10th Cir.1954), and *Commissioner v. Danielson*, 378 F.2d 771 (3d Cir.), *cert. denied*, 389 U.S. 858, 88 S.Ct. 94, 19 L.Ed.2d 123 (1967), the government argues that Barton should not be permitted to contradict the dates written in its own agreement. We do not treat the alternative argument because we agree that there is sufficient evidence in the record to support the Tax Court's finding that the redemption occurred in 1966.

■ Courts have avoided arbitrarily fixing the taxable event at the transfer of the redeemed shares or at the receipt of consideration. Instead, "[t]he question as to when a redemption is consummated for tax purposes is a practical one to be decided by weighing all of the various factors." *Claude J. Lisle*, 35 T.C.M. (CCH) 627, 635 (1976). *Accord Tabery v. Commissioner*, 354 F.2d 422, 426 (9th Cir.1965); *Estate of Mathis*, 47 T.C. 248, 257 (1966). In *Maher*, 55 T.C. 441 (1970), *modified*, 469 F.2d 225 (8th Cir.1972), the Tax Court listed factors to be considered in determining when a redemption occurs:

"Many of the factors enumerated have been considered significant on the side of a holding that a 'sale or exchange' under section 1001 has occurred as of the time an agreement is made. This is an area of the law to which we think there is a significant analogy for purposes of our ascertaining whether Ray had sufficient interest in the Selvex stock to be considered its owner and subsequent seller for purposes of section 304. In sale-or-exchange cases courts have considered: (1) Whether legal title to the property has passed; (2) whether the transferee has obtained possession of the property; (3) whether the sale price of the property is definitely fixed; (4) whether there has been a significant amount of the agreed price paid; (5) the intention of the parties; (6) descriptive terms utilized in the agreements such as 'buyer' or 'seller'; and (7) whether an effective date has been agreed upon fixing a specific time for recognition of the rights and obligations of the parties. [citations omitted].

"The teaching of these cases is that the transaction is to be viewed as a whole and in the light of realism and practicality, and absence of any one factor will not preclude a holding that a 'sale or other disposition' has occurred."

55 T.C. at 451–52.

■ We agree with the analytical approach taken by *Maher* and the other cited cases. Applying that analysis to the facts before us, we note that if stock certificates were signed and physically transferred between Barton and Atlas in 1966, legal title passed even though the certificates were not surrendered to stock transfer agents for reissue until 1967. Partial performance of the redemption contract might obviate any statute of frauds defense on the real estate lease assignment. The evidence, particularly the accounting entries and certified financial statements, supports the Tax Court's findings that transfers of possession and title, evidencing payment of the agreed consideration, occurred in 1966. Even though the parties may not have agreed on all details until late in 1966, the record supports the court's finding that the exact properties to be exchanged in the redemption were settled by the end of 1966. The parties clearly intended to effect a redemption in 1966; they agreed to the effective date of January 1, 1966, and all executed documents utilized that date. The parties acted consistently with that intent, even throughout the tax audit, until the amendment of the Tax Court pleadings in 1978.

Notwithstanding that the written documents were not executed until 1967 and that Gerald Barton testified the assets were

not transferred until after execution,[1] the findings of the Tax Court that the redemption occurred in 1966 have substantial support in the record. Barton has not demonstrated to our satisfaction that the Tax Court's conclusion is clearly erroneous. *Merchants National Bank of Topeka v. Commissioner*, 554 F.2d 412, 415 (10th Cir. 1977).

AFFIRMED.

---

1. The Tax Court implied that it did not consider Mr. Barton's testimony to be credible by stating that "the only credible evidence in the record clearly indicates that the redeemed Atlas stock was actually transferred to Atlas in 1966." *Barton Theatre Co.*, 40 T.C.M. (CCH) 198, 204 (1980).